UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

SHANNON GIBSON

Plaintiff,                                                    CASE NO, 4:22-cv-00163 SPM

v.                                                                    Hon.

OFFICER HADZIC (DSN-4547),
OFFICER HOLMES (DSN-4496),
ST. LOUIS COUNTY,
a political subdivision of the State of Missouri.

Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, SHANNON GIBSON,

complaining of Defendants, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights

secured by 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. The events that give rise to this lawsuit took place in St. Louis County,

a political subdivision of the State of Missouri.

4. Venue is appropriate in the Eastern District of Missouri pursuant to 28 U.S.C § 1391(b)

since the Defendants are employees of St. Louis County and the acts providing

the legal basis for this complaint occurred in St. Louis County,

a political subdivision of the State of Missouri.

## PARTIES

5. Plaintiff, SHANNON GIBSON ("Plaintiff" or "Mr. Gibson"), is a law

abiding citizen of the United States and a resident of the City of St. Louis, County of

St. Louis City, State of Missouri.

6. Defendant, St. Louis County is a political subdivision of the State of Missouri.

and at all times relevant herein, was acting under color of state law.

7. Defendant, HADZIC DSN-4547, ("Hadzic") is employed by St. Louis County as

police officers in the St. Louis County Police Department and was acting under the color of

state law.

8. Defendant, HOLMES DSN- 4496, ("Holmes") is employed by St. Louis County as a

police officer in the St. Louis County Police Department and was acting under the color of

state law.

On or about February 10, 2020, at the time of the events alleged in this Complaint, the

Defendants were at all times each acting in their capacities, within the course and scope of

their employment as police officers and/or agents employed by St. Louis County and

under the color of law.

## **FACTUAL BACKGROUND**

9. At approximately 11:00am, February 10, 2020. Mr. Gibson went to the

Afton Post Office to mail some packages. Mr. Gibson was arrested by St. Louis County police

officers Hadzic and Holmes after filming the post office interior.

10. The Post office supervisor called the police, an emergency 911 call, because Mr. Gibson

was filming, the supervisor explains she "asked Mr. Gibson to please stop filming in our

lobby", the Post office supervisor states in **the 911 call that Mr. Gibson**

**showed her the Federal CFR 39 CFR § 232.1** that regulates rules of conduct on Postal

Property "Poster 7" gives express invitation to take photographs for news purposes

specifically in the post office lobby, the postal supervisor did not want Mr. Gibson to do

what he is invited and allowed to do on postal property, she called the emergency 911

number for the police, let it be noted when the police arrived the postal supervisor claimed

Mr. Gibson was being "unreasonable" to do what he is expressly invited to do; according to

the federal rules of conduct on postal property; to photograph in the interior of the post

office lobby for news purposes, the police start to interrogate Mr. Gibson who is doing

nothing wrong…

12. The Defendants lacked probable cause to arrest Mr. Gibson.

The Defendants Hadzic, Holmes, violated federal law.

The Defendants Hadzic, Holmes, violated state law.

The Defendants Hadzic, Holmes, body cams clearly prove their misconduct.

The Defendants Hadzic, Holmes, body cams display clearly the officers do not
understand the law they swore an allegiance to uphold.

**13 Officer Homes explains that the post office is private property and Federal**

**property, in the same breath, (federal property is public property).**

**His statement clearly displays his ignorance...**

**The Defendants Hadzic, Holmes did not have probable cause to arrest Mr. Gibson for refusing to show his identification because the only "stop and identify" law applies to Kansas City, and the officer's mistake of law was not objectively reasonable.**
**The defendants did not have probable cause to arrest Mr. Gibson for trespassing because he was not asked to leave until after the officers arrived, and Mr. Gibson never refused to leave.**

14 A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect has committed a crime in the officer's presence.

1 Probable cause for arrest is a reasonable ground for belief of guilt, particularized to the individual.2Absent exigent circumstances, officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect.

[3]To determine whether an officer had probable cause for an arrest, this Court should examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.[4]

15 Under Missouri law, a person commits the offense of first-degree trespass if he… knowingly remains unlawfully in a building."[5]Missouri courts define "remain "as "to stay in the same place.".[6]A person remains upon premises when he is not licensed or privileged to do so.[7]One who enters upon premises that are open to the public do so with license and privilege, unless he defies a lawful order not to remain.[8]A person acts "knowingly" with respect to his conduct if he is aware of the nature of his conduct or that those circumstances exist.[9]A person who enters an area of a business that is open

to the public, at a reasonable time and in a reasonable manner, has the implied consent

of the owner to enter under a limited privilege.[10] So long as there is no substantial

16 evidence of the stay being prolonged, boisterous conduct, breach of the peace,

blocking of entranceways, interference with the public, picketing, or other conduct

which would revoke the implied consent of the owner by acts inconsistent with the

purposes of the business or facility, there is no trespass until such conduct by the person

occurs or the person is requested to leave by an agent or representative of the owner or

possessor and refuses to do so.[11] Refusal to leave by words or conduct is essential to the

*mens rea* of trespass.[12]

---

[1] *Atwater v. Lago Vista*, 121 S. Ct. 1536, 1541 (2001).

[2] *Maryland v. Pringle*, 124 S. Ct. 795, 800 (2003).

[3] *Duhe v. City of Little Rock*, 902 F.3d 858, 863 (8th Cir. 2018).

[4] *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)

[5] Mo. Rev. Stat. § 569.140.1 (2020).

[6] *State v. Girardier*, 484 S.W.3d 356, 360 (Mo. Ct. App. 2015).

[7] Mo. Rev. Stat. § 569.010(2) (2020).

[8] *Id.*; *State v. Richie*, 376 S.W.3d 58, 62 (Mo. Ct. App. 2012).

[9] Mo. Rev. Stat. § 562.016.3(2) (2020).

[10] *St. Louis County v. Stone*, 776 S.W.2d 885, 888 (Mo. Ct. App. 1989

[11] *Id.*

[12] *See Green v. Nocciero*, 676 F.3d 748, 751 (8th Cir. 2012) (refusal to leave after an

authorized

* there is no trespass until such conduct by the person occurs or the person is

requested to leave by an agent or representative of the owner or possessor and

refuses to do so.

* unless he defies a lawful order not to remain (A lawful order must be backed by law)

---

17 *Mr. Gibson was never asked to leave by an agent or representative or possessor. what happened instead officer Holmes asked Mr. Gibson if he had been asked to leave, Mr. Gibson Replied "no they haven't asked me to leave."  the postal supervisor replied "No I had asked him to stop filming" Defendant Hadzic asked the postal supervisor if "she" was asking him to leave, (this is a trespass solicitation by officer Hadzic) this was not a request to leave by the supervisor, a requirement under Missouri law.

18 *It also should be noted *because* Mr. Gibson *has* every right to stay and photograph as invited and licensed to do, he cannot be trespassed for doing so.

Mr. Gibson went to the post office to mail some packages. After a brief conversation with the desk clerk, he began to take video footage of the inside of the customer service lobby of the post office. The manager asked him to stop filming. When Mr. Gibson did not put his phone away, the manager called the police, complaining that she "couldn't get him to stop filming" and that she couldn't get him out of the office. The postal supervisor states on video/audio she did not ask Mr. Gibson to leave, she only asked him to stop filming.

19 At some point between the manager's call and the officer's arrival, Mr. Gibson exited the lobby office door and walked over to the far corner of the adjoining foyer where the federal rules governing conduct on postal property were displayed.

20 Mr. Gibson was still in the foyer when Officers Hadzic and Holmes walked in the door.

Mr. Gibson explained to the officers that he was a citizen-journalist, and according to the federal regulations he was reading, he had a First Amendment right to take video footage on postal property.[13]

21 **Officers Holmes and Hadzic did not have probable cause to arrest Mr. Gibson for trespassing because Mr. Gibson did not unlawfully remain, or "stay in the same place" of the partition of the building. In fact, when the officers showed up, Mr. Gibson had exited the service center door and had moved into the far corner of the adjoining foyer to read the rules. Mr. Gibson was pleasant and non-threatening at all times, and nothing indicates that he was breaching the peace, being boisterous, or otherwise interfering with the public in a way that would revoke his implied license to be in the post office.**

---

[13] "photographs for news purposes may be taken in entrances, lobbies, foyers, corridors." 39 C.F.R. § 232.1(i) (2020).

22 **Finally, Mr. Gibson never defied a lawful order not to remain, a requirement under Missouri law.[14] Mr. Gibson was not told to leave until after the officers arrived. Officer Holmes was the first person to ask Mr. Gibson to leave, saying, "You need to get out of here… It's private property."**

23 Mr. Gibson then began to inform Officer Holmes it is not 'private property' that he was entitled to the property since he is a taxpayer. When the officers asked him to leave, Mr. Gibson asked, "And "if" I don't leave, what?" "You go to jail." "I go to jail? For what?"

24 "Trespassing." Mr. Gibson told them that he wasn't trespassing, and that he had a right to be in a public area, Mr. Gibson did not refuse to leave, additionally Mr. Gibson stated he would sue the officers should they violate his first amendment protected right of freedom

of the press, once again defendant Holmes displayed his ignorance when he states the first

amendment freedom of the press "does not cover trespassing".

The officers have now exhibited multiple times that they have

no regard for the law or constitutional rights, Holmes making it clear on video that he

is unable to control his anger that normal activities trigger his temper and

defendants admittedly are making the arrest because Mr. Gibson refuses an unlawful

fourth amendment violation command to give his ID.

---

**The claim and exercise of a constitutional right cannot be converted into a crime." Miller**

**v. U.S., 230 F 2d 486, 489. "There can be no sanction or penalty imposed upon one because of**

**this exercise of Constitutional rights."- Sherar v. Cullen, 481 F.**

25 Officer Hadzic then asked to see Mr. Gibson's identification, and told Mr. Gibson he was

legally bound to do so. Mr. Gibson refused, and he was arrested. The arrest occurred only

60 seconds after he was first asked to leave, it should be noted Mr. Gibson wasn't given a

chance to leave.

26 Officers Hadzic and Holmes did not have a reasonable ground for belief that Mr. Gibson

was trespassing because Mr. Gibson did not refuse to leave the post office.

27 By the time the officers arrived, Mr. Gibson had moved to the adjacent foyer to read the

rules, and he never refused to leave. The officers also lacked probable cause to

arrest Mr. Gibson because he never refused to leave by his words or conduct: a

requirement under Missouri law.[15]

---

[14] Mo. Rev. Stat. § 569.010(2) (2020).

[15] *See* Mo. Rev. Stat. § 569.010(2); *Nocciero*, 676 F.3d at 751 (citing *State v. Guess*,

804 S.W.2d 57,

58(Mo. Ct. App. 1991) ("A person who is disruptive may be asked to leave a

government facility and may be arrested for trespass if he refuses to leave").
_____

28 The officers did not have a reasonable ground for belief that Mr. Gibson was violating

the law because Mr. Gibson was not asked to leave until after the officers arrived, and there

is a well-established right in the Eighth Circuit to watch and film public employees.

29 In a democracy, public officials have no general privilege to avoid publicity and

embarrassment by preventing public scrutiny of their actions.16 A highway road crew might

like to arrest a frustrated motorist who parked his car and watched as the crew took an

unauthorized three-hour lunch break, but such an arrest would be a flagrant abuse of

government power.17

30 In *Chestnut*, a St. Louis Metropolitan policeman arrested a man who

was passively observing a police interaction from a short distance away.18 The Eighth

Circuit affirmed the denial of qualified immunity, acknowledging that well-established

rights include "shouting criticisms at officers" and observing the police in public from a

distance without interfering.19 Additionally, "every other circuit court that has considered

the question [has] held that there [is] a constitutional right to record police activity."20 It

31 should be noted that the officers arrested Mr. Gibson after both of them listened

attentively as Mr. Gibson read the entirety of the federal regulation applicable this

conduct.21

Additionally, the officers lacked probable cause to arrest Mr. Gibson because they never

gave him a chance to leave. Mr. Gibson's arrest followed right on the heels of the demand to

32 leave—a mere 60 seconds later. During that minute, the police kept Mr. Gibson from

leaving by demanding that he show his ID and engaging with him in conversation about whether the post office was private property.

_____

[16] *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005).

[17] *Id.* at 993-94.

[18] *Chestnut v. Wallace*, 947 F.3d 1085, 1087 (8th Cir. 2020).

[19] *Id.* at 1091.
[20] *Id.*

[21] *See* n.13, *supra.*

_____

33 After Mr. Gibson stated that he could not be trespassing in a public area, the following exchange occurred:

Officer Hadzic: "Mr. Gibson, can I see your ID card please?"

Mr. Gibson: "No sir."

34 Officer Hadzic: "Well, guess what, in the county of St. Louis, you are required by law to identify yourself when a police officer asks you to."

Mr. Gibson: "Only if I've been, only if I have been, uh, uh..."

35 Officer Holmes: "suspected of committing a crime, yes sir. I'll help you finish. So right now, you're suspected of trespassing, so identify yourself."

Officer Hadzic: "Let me see your ID card."

Mr. Gibson: "No sir."

36 Officer Holmes: "Ok, let's go to jail."

**The officers then grabbed Mr. Gibson's arms and handcuffed him. Because there is no law applicable to St. Louis County that requires Mr. Gibson to identify himself, and because both the statute itself and the appellate court's construction of it leave no**

**room for a different interpretation, Defendants Holmes, Hadzic's mistake of law was**

**not objectively reasonable.**

**37 Mr. Gibson stated he is not being lawfully arrested, he never committed a**

**crime, "Filming is not a crime".**

**This is the where law was violated during this encounter, the criminals were the**

**police, this is an assault, excessive force, discrimination, false imprisonment and**

**profiling, Mr. Gibson was discriminated against as he was the only person arrested in**

**the post office, for being in the post office.**

*Defendant Hadzic stated that a constitutionally protected act can be converted into
Trespassing and the initiation of an investigation warrants ID surrender 22a

Mr. Gibson stated: I haven't been suspected of crime…

Hadic Stated: right, I understand but when we're investigating. I get that yes but

you notice how things kind of flipped when it became, when the lady told you you

got to leave that turned into trespassing right now we're

trying to investigate...

Mr. Gibson: "I wasn't refusing leaving"

Hadzic no no, I got you, but we need to investigate that stuff,

and figure out the crime really exists because you know we can start an

investigation based on a hearsay, right, all right so so in the process of that

investigation you are required by local law to identify yourself to us and if you did

all this stuff would have been avoided.

38 Hadzic's statement proves his ignorance.

22a"The claim and exercise of a Constitutional Right cannot be converted into a crime"... "a denial of them would be a denial of due process of law." ((Wright v. Georgia), (1963)), ((Simmons v. United States), (1968)), ((Palmer v. Euclid), (1971)), ((Sherar v. Cullen), (1973))

39 This is in conflict with clearly established law

**The police did not have probable cause to arrest Mr. Gibson for refusing to show his identification because the only "stop and identify" law applies to Kansas City, and the officer's mistake of law was not objectively reasonable.**

The Fourth Amendment tolerates only reasonable mistakes, and those mistakes, whether of fact or of law, must be objectively reasonable.22 The mistake of law inquiry is not as forgiving as a qualified immunity determination, and an officer can gain no 40 Fourth Amendment advantage through sloppy study of the laws that he is duty bound to enforce.

23 A mistake of law is not reasonable when there is authority directly to the contrary.24

41 Missouri law states that "the members of the police force... shall also have the power to stop any person abroad whenever there is reasonable ground to suspect that he is committing... a crime and demand of him his name, address, business abroad and whither he is going."25 However, one need look no further than the chapter heading to discover that 84.710 only applies within Kansas City limits. The Missouri Appellate Court has already held that "[84.710] embrace[s] no authority to arrest or stop persons outside territorial jurisdiction of the city, and therefore, must be interpreted as excluding such authority."26 42 Once a municipal officer is outside the territorial jurisdiction of the city, the municipal officer becomes a private citizen and cannot enforce that law.27

---

[22] *Heien v. North Carolina*, 135 S. Ct. 530, 539 (2014).

[23] *Id.* at 539-40.

[24] *United States v. McLemore*, 887 F.3d 861, 867 (8th Cir. 2018) ("The argument that the officers made a reasonable mistake of Iowa law is without merit... the Iowa Court of Appeals decision in *Carmody* is directly contrary authority.").

[25] Mo. Rev. Stat. § 84.710 (2020).

[26] *Settle v. State*, 679 S.W.2d 310, 317 (Mo. Ct. App. 1984).

[27] *See id.* at 317 (collecting cases).

---

43 *Defendant Holmes stated the Post office is both Private Property and (federal) Public Property!

His statement proves his ignorance.

The Defendants body cams clearly prove their misconduct.

44 The unlawful detainment of Mr. Gibson was done in blatant violation of the Fourth and First Amendments.

45 The unlawful threat to arrest Mr. Gibson was done in blatant violation of the First and Fourth Amendments.

46 The unlawful taking of Mr. Gibson video camera was done in blatant violation of the First and Fourth Amendments.

47 No lawful basis existed for the Defendant's to confiscate Mr. Gibson's property, his camera, ID, impounding his car, twisting his arm, arresting him, handcuffing him or kidnapping his person.

48 Defendant's actions were done sadistically, intentionally, maliciously, knowingly, wantonly, recklessly, purposely, deliberately, unlawfully, and through deliberate indifference and gross negligence and without any objective reasonableness or good faith, and not in furtherance of a legitimate government interest.

50 It" seems" these police officers think that they have rights none of the rest of us have, they displayed a fundamental misunderstanding of the law, of consensual encounters, to investigative detentions, to stop and ID, to illegal search and seizure, to violations of several civil rights.

51 To the point where they're willing to initiate unjust force and violence and the brutality of the state, on peaceful people who have literally done nothing wrong.

52 And the height of insanity, what takes the cake, the officer's attitude of public masters when they are "public servants" …I cannot count all the times I have witnessed the attitude and ignorance of the law these police officers swore an oath to uphold.

53. It seems this attitude and ignorance extends to the top as these two supervisors; St. louis county Wilson (DSN) 3488, Williams (DSN) 3818, approved the unlawful arrest.

54. 18 usc 242 this is a federal code, it's called deprivation of rights under color of law and it says <u>whoever</u> under the color of any law, statute in other words because

these defendants violated the law, under color of any law, ordinance, regulation, or

custom willfully subjects any person in any state territory commonwealth

possession or district to the deprivation of any rights privileges or immunity

55. secured or protected by the constitution or laws of the United States,

but it's it goes on to say anybody who's in violation of that, anybody a law, a judge,

a politician, a lawyer, a law enforcer, whoever, whoever under the color of any

56. law and specifically, or especially anybody who comes as a law enforcer,

whoever under the color of any law, deprives anybody of any rights, privileges, or

immunities gets subject to imprisonment or fine for a term of years or both, this

right here may be sentenced to death.

57. They knew what they did was wrong, those are intentional, criminal activities

and that's exactly what they did.

58. This is intentional willful commission of a crime, as you do to others what you

wouldn't want done to you.

59. Every bit of this is about a man taking away the freedoms of another man

against his will and without his consent, this is about a man violating his very

basic oath, to protect and defend human rights, this is about engaging in known

criminal activity.

60. Under the color of law this is about deprivation of rights under color of law

this is about conspiracy against rights 18 usc 241 and deprivation of rights

under color of law 18 usc 242 this is what this is about. This is about police

engaged in criminal activity on camera before for the world to see, and coming to

terms with the fact that these police officers brought more criminality into the

world, these police officers are the conduit through which evil flowed.

They are trained professional police officers with full access to the prosecutor's

office.

they MUST know they are making a valid arrest before they make the arrest.

The defendant, without legal qualification, arrested the defendant for "trespassing"

when trespassing had not occurred either by both Federal and Missouri law.  Thus

it was false arrest depriving Mr. Gibson of  freedom and property. In reality, the

arrest prompted by the plantiff "showing and explaining

the prevailing rules" to the officer, and the officer retaliated by instituting an arrest.

As evident by the officer's own body cam.

### **MORE CASELAW;**

1) The claim and exercise of a constitutional right cannot be converted into a crime."

**Miller v. U.S., 230 F 2d 486, 489. "There can be no sanction or penalty imposed upon**

**one because of this exercise of Constitutional rights."- Sherar v. Cullen, 481 F.**

2) These police officers are in violation of Title 18 U.S. Code 241 and 242 and Title 42

U.S. Code 1983 - Conspiracy to deprive and Deprivation of a U.S. Citizen of their Civil

and Constitutional Rights without due process of law by police officers under color of law.

3) "The claim and exercise of a Constitutional Right cannot be converted into a crime"... "adenial of them would be a denial of due process of law." ((Wright v. Georgia), (1963)), ((Simmons v. United States), (1968)), ((Palmer v. Euclid), (1971)), ((Sherar v. Cullen), ((1973))

4) A U.S. Citizen cannot be lawfully detained without reasonable articulable suspicion or probable cause suspected of a crime. ((Terry v. Ohio), (1968)).

5) A police officer cannot demand legal identification from a U.S. Citizen without reasonable articulable suspicion or probable cause suspected of a crime. ((Brown v. Texas), (1979)), ((Kolender v. Lawson), (1983))

6) According to the Supreme Court of the United States ruling in ((Terry v. Ohio), (1968)), to legally detain a person, an officer is required to have specific articulable facts which, taken together with rational inferences from those facts, reasonably warrants a man of reasonable caution in the belief that the person has committed, is committing, or is about to commit a crime.

7) "To detain appellant and require him to identify himself violated the Fourth Amendment because the officers lacked any reasonable suspicion to believe that appellant was engaged or had engaged in criminal conduct." - United States Supreme Court. ((Brown v. Texas), (1979)), ((Kolender v. Lawson), (1983))

## COUNT I VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (First Amendment – Unlawfully Preventing Recording

### (Against Holmes, Hadzic, and St. Louis County, Defendants)

62. Plaintiff incorporates herein all the prior allegations.

 Plaintiff engaged in Constitutionally protected conduct of recording a

 post office lobby.

 64. Plaintiff was prevented from exercising his First Amendment right to

record a post office lobby.

65. Defendant intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross

negligently prevented Plaintiff from recording a post office lobby without a warrant or any

lawful basis.

66. Defendant's actions were based on Defendants' knowing, deliberate, and reckless disregard

for the truth. Further, Defendants had no knowledge of any fact or circumstance which would

lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

67. Defendants intentionally prevented Plaintiff from recording a post office, which deprived

Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any

other legally valid reason.

68, As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was

harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain,

mental anguish, humiliation, and embarrassment.

## COUNT II

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (First Amendment – Retaliation for Protected Conduct)

### Recording

### *(Against Holmes, Hadzic, and St. Louis County, Defendants)*

69. Plaintiff incorporates herein all the prior allegations.

70. Plaintiff engaged in Constitutionally protected conduct of recording a post office with his phone camera.

71. Defendants Holmes, Hadzic detained Plaintiff for exercising his First Amendment right to record a post office lobby.

72. In retaliation for this protected conduct, Defendants Holmes, Hadzic, intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, Plaintiff without a warrant or any lawful basis.

73. Plaintiff's retaliatory detainment was based on Defendants Holmes, Hadzic's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Holmes, Hadzic had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

74. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

The retaliation was motivated at least in part by the protected speech and action of recording a post office lobby.

75. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by the Defendants against Plaintiff.

76. Defendants Holmes, Hadzic intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of the front of the patrol vehicle and kept him detained for a substantial amount of time Additionally, detained Plaintiff in the St, Louis County Jail, Defendants Holmes, Hadzic's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

77. The acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of St. Louis County, all under the supervision of ranking officers of said department.

As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT III

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (First Amendment – Retaliation for Protected Conduct)

*(Against Holmes, Hadzic, and St. Louis County, Defendants)*

Plaintiff incorporates herein all the prior allegations.

78. Plaintiff engaged in Constitutionally protected conduct of recording post office lobby with his phone camera.

79. Defendants Holmes, Hadzic seized Plaintiff's ID for exercising his First Amendment right to record a post office lobby.

80. In retaliation for this protected conduct, Defendant's Holmes, Hadzic intentionally,

knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's ID without a warrant or any lawful basis.

81. Plaintiff's retaliatory detainment was based on Defendants Holmes, Hadzic knowing, deliberate, and reckless disregard for the truth. Further, Defendants Holmes, Hadzic, had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

82. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

83. The retaliation was motivated at least in part by the protected speech or action of filming the post office.

84. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendants Holmes Hadzic, against Plaintiff.

85. Defendants Holmes, Hadzic intentionally seized Plaintiff's ID with the intention of seizing it for a substantial amount of time before releasing it. Additionally, Defendants Holmes, Hadzic conducts in seizing Plaintiff's ID deprived him of his liberty, without probable cause, legal justification, just cause, or any other legally valid reason. The acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the St. Louis County, all under the supervision of ranking officers of said department.

86. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (First Amendment – Retaliation for Protected Conduct)

### *(Against Holmes, Hadzic, and St. Louis County, Defendants)*

Plaintiff incorporates herein all the prior allegations.

87. Plaintiff engaged in Constitutionally protected conduct of recording a post office with his phone camera.

88. Defendant Holmes, Hadzic seized Plaintiff's phone for exercising his First Amendment right to record the post office.

89. In retaliation for this protected conduct, Defendants Holmes, Hadzic, intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

90. Plaintiff's retaliatory detainment was based on Defendants Holmes, Hadzic's knowing, deliberate, and reckless disregard for the truth. Further, Defendants Holmes, Hadzic had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

91. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

92. The retaliation was motivated at least in part by the protected speech or action of filming a post office.

93. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendants Holmes, Hadzic against Plaintiff.

94. Defendants Holmes, Hadzic intentionally seized Plaintiff' phone with the intention of

seizing it for a substantial amount of time before releasing it. Additionally, Defendants Holmes,

Hadzic's conduct in seizing Plaintiff's phone deprived him of his liberty without his consent,

probable cause, legal justification, just cause, or any other legally valid reason.

95. The acts complained of were carried out by the individual Defendants in their capacity as a

police officers, pursuant to the customs, usages, practices, procedures, and the rules of St. Louis

County, all under the supervision of ranking officers of said department.

 96.As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was

harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain,

mental anguish, humiliation, and embarrassment.


## COUNT V

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Fourth Amendment - Unlawful Seizure of Phone)

#### (Against Holmes, Hadzic, and St. Louis County, Defendants)

Plaintiff incorporates herein all the prior allegations.

97. The Fourth Amendment requires police officers to possess sufficient probable cause.

Defendants Holmes, Hadzic intentionally, knowingly, and maliciously, recklessly,

unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful

basis.

98. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful

seizure pursuant to the Fourth Amendment to the United States Constitution.

At all times relevant, as a police officer acting under color of law, Defendants Holmes,

Hadzic were required to obey the laws of the United States.

99. The acts complained of were carried out by the individual Defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

100. The acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the St. Louis County, all under the supervision of ranking officers of said department.

101. Defendants, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

102. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendants Holmes, Hadzic unlawfully seized Plaintiff's property.

103. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VI

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Fourth Amendment - Unlawful Seizure of ID)

*(Against Holmes, Hadzic, and St. Louis County, Defendants)*

Plaintiff incorporates herein all the prior allegations.

104. The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

105. Defendants Holmes*, **Hadzic*** intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently ordered Plaintiff to give him his ID and thereafter, seized Plaintiff's ID without a warrant or any lawful basis.

106. At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

107. At all times relevant, as police officers acting under color of law, Defendants Holmes*,* Hadzic were required to obey the laws of the United States.

108. The acts complained of were carried out by the individual Defendants in their capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

109. The acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the St. Louis County, all under the supervision of ranking officers of said department.

110. Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

111. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution,

112. Defendants Holmes, Hadzic unlawfully seized Plaintiff's property.

 As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his loss of liberty, for his mental, emotional injury and pain,

mental anguish, humiliation, and embarrassment.

## COUNT VII

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Fourth Amendment - Unlawful Detainment)

*(Against Holmes, Hadzic, and St. Louis County, Defendants)*

 Plaintiff incorporates herein all the prior allegations.

113. The Fourth Amendment requires police officers to possess sufficient reasonable suspicion of criminal activity to detain a suspect.

114.At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

 115. At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

116.Defendants Holmes, Hadzic wantonly, intentionally, knowingly, maliciously, recklessly, objectively unreasonably, and/or with gross negligence and/or deliberate indifference, detained Plaintiff without a warrant or any lawful basis.

117. Plaintiff was detained by Defendants Holmes, Hadzic for filming the post office. Plaintiff was handcuffed by Defendants Holmes, Hadzic, forcibly seized, and ID was seized was not free to leave and was therefore detained.

118. Plaintiff's detainment was based on Defendants Holmes s, Hadzic's knowing, deliberate, and reckless disregard for the truth, wherein, Defendants Holmes, Hadzic, made false statements regarding the law. Further, Defendants Holmes, Hadzic had no knowledge of any

fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

119. Defendants Holmes, Hadzic intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of in front of the police car kidnapping him and kept him detained for a substantial amount of time. Additionally, Defendant's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

120. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

121. The acts complained of were carried out by Defendants Holmes, Hadzic in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

122. The acts complained of were carried out by Defendants Holmes, Hadzic in their capacity as a police officers, pursuant to the customs, usages, practices, procedures, and the rules of St. Louis County, all under the supervision of ranking officers of said department.

123. Defendants Holmes, Hadzic, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority,

which is forbidden under the Constitution of the United States.

124. Defendants Holmes, Hadzic's actions constituted unlawful detention of Plaintiff.

125 As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his loss of liberty for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**COUNT VIII**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(Municipal Liability-Unlawful Policy)**

*(St. Louis County, Defendant)*

Plaintiff incorporates herein all the prior allegations.

126. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs.

127. At all times relevant to this complaint, Defendant St. Louis County acted with

deliberate indifference to Plaintiff's constitutional rights by maintaining policies,

practices, and customs that condoned and fostered Defendants Holmes, Hadzic's conduct.

128. Defendant St. Louis County maintained a custom or policy that permitted officers to prevent individuals from recording post office lobbies.

This policy allows officers to detain individuals and seize their property for

recording post office lobbies.

This custom and policy that prohibits recording post office lobbies was the

standard operating procedure for Defendants, Hadzic, Holmes including supervising police

officers and directly caused Defendants to deprive Plaintiff of his constitutionally-protected

rights as described herein.

129. Defendants Hadzic, Holmes detained Plaintiff and seized Plaintiff's ID and phone for

engaging in protected conduct, and without probable cause or reasonable suspicion that he had

engaged in any criminal activity.

130. Defendants Hadzic, Holmes, detained Plaintiff and seized Plaintiff's ID and phone for

engaging in protected conduct, and without probable cause or reasonable suspicion that he had

engaged in any criminal activity.

131. As a result of this policy and custom as reason to detain and seize property for exercising

protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in

addition to reasonable attorney fees.


## COUNT IX

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Municipal Liability-Failure to Train and Supervise)

*(Against St. Louis County)*

Plaintiff incorporates herein all the prior allegations.

132. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to

its own policies, practices, and customs.

133. At all times relevant to this complaint, Defendant St. Louis County acted with deliberate

indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs

that condoned and fostered Defendants Holmes, Hadzic's conduct.

134. In the alternative and at all times relevant to this complaint, Defendant St. Louis County did

not in fact have such a policy in place, but failed to properly train Defendants Holmes, Hadzic,

including supervising police officers, thereby demonstrating deliberate indifference to Plaintiff's

rights Defendant St. Louis County failed to: (a) adequately supervise and train its officers and

agents, especially Defendants Holmes, Hadzic, thereby failing to adequately

discourage further constitutional violations on the part of its officers; and (b) properly and

adequately monitor and discipline its officers.

135. Defendants Holmes, Hadzic stated that they were permitted to seize Plaintiffs ID

Defendant Holmes Explains Post office is **both** Private Property and **(federal)** Public Property**!**

As is being pled in this alternative, the fundamental lack of knowledge of such basic

Constitutionally protected conduct by Defendants Holmes, Hadzic, could only be the by-product

of St. Louis County's failure to adequately train Defendants Holmes, Hadzic, before putting

them in the position in which they were placed by the Defendants City.

136. Defendant St. Louis County failed to properly train its police officers on the proper standard

for initiating an investigation of a criminal suspect, and how and when to seize their property.

137. Defendant St. Louis County's failure to adequately supervise and train its police officers on

the proper procedures for investigations and criminal investigations caused Defendant Officers to

violate Plaintiff's Constitutional rights.

138. As a result of Defendant St. Louis County's failure to adequately train or correct them

policy to arrest people for exercising protected conduct, Plaintiff was harmed and seeks

compensatory and punitive damages in addition to reasonable attorney fees.

## COUNT X

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## (Article 1 Section 2 – Missouri Constitution)

### *(Against Holmes, Hadzic, and St. Louis County, Defendants)*

Plaintiff incorporates herein all the prior allegations.

That all constitutional government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; that all persons are created equal and are entitled to equal rights and opportunity under the law; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails in its chief design.

Defendants Holmes, Hadzic, St. Louis County, took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right to life.

Defendants Holmes, Hadzic, St. Louis County, took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right to liberty.

Defendants Holmes, Hadzic, St. Louis County, took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right. to the pursuit of happiness.

Defendants Holmes, Hadzic, St. Louis County, took aim, with intent, and with definite of purpose, Deprived Plaintiff of his natural right, to enjoy the gains of his industry.

As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his loss of liberty for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.


## COUNT XI

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (Fourth, Eighth, and Fourteenth Amendments)

*(Against Holmes, Hadzic, and St. Louis County, Defendants)*

Plaintiff incorporates herein all the prior allegations.


Excessive force is generally prohibited by the Fourth, Eighth, and Fourteenth Amendments. The Fourth Amendment protects free citizens from "unreasonable searches and seizures" and the Eighth Amendment protects those convicted of a crime against "cruel and unusual punishments." For those who are not free citizens but who have not yet been convicted, i.e. a pretrial detainee, the Fourteenth Amendment's due process clause is used to protect against the use of excessive force.

Whether the force used is excessive depends on "whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989). This objective test means that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Id. When it comes to citizens exorcising lawfully protected acts, no amount of force used shall be deemed reasonable, any amount of force shall be unreasonable, criminal.

114.At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

115. At all times relevant, as police officers acting under color of law, Defendants were required to obey the laws of the United States.

116.Defendants Holmes, Hadzic wantonly, intentionally, knowingly, maliciously, recklessly, objectively unreasonably, and/or with gross negligence and/or deliberate indifference, used

excessive force on Plaintiff without a warrant or any lawful basis.

117. excessive force was used on Plaintiff by Defendants Holmes, Hadzic for filming the post office lobby.

Plaintiff was handcuffed by Defendants Holmes, Hadzic, forcibly seized, and ID was seized was not free to leave and was therefore detained.

118. Plaintiff's detainment was based on Defendants Holmes s, Hadzic's knowing, deliberate, and reckless disregard for the truth, wherein, Defendants Holmes, Hadzic, made false statements regarding the law. Further, Defendants Holmes, Hadzic had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

119. Defendants Holmes, Hadzic intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of in front of the police car kidnapping him and kept him detained for a substantial amount of time. Additionally, Defendant's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

 120. All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983. without probable cause or Reason of Suspicion of wrongdoing whatsoever
_____

False imprisonment. *Plummer v. State*

_____

## SUMMARY

121. All cops should know that this is not criminal behavior and that freedom of

the press is a clearly established constitutional right, the officers are

not entitled to qualified immunity in regard to the false arrest, as to Mr. Gibson in

regard to the false arrest, as to Mr. Gibson's first amendment retaliation claim

122. It should be noted that three elements must be demonstrated to prevail.

Number one that Mr. Gibson engaged in constitutionally protected act, number

two that he suffered an adverse action likely to chill a person of ordinary

123. firmness from continuing to engage in protected acts, and that the protected

act was a substantial or motivating factor in the decision to take adverse

action as to the first element the defendants didn't contest that the act

124. was constitutionally protected nor could they, as to the second element

the officers removed Mr. Gibson from a public space he had every protected right to

be in. As to the third element Holmes, Hadzic were called to the post office because

125. Mr. Gibson was doing what he is allowed to do and protected by the

FIRST AMMENDMENT

…. the forefathers felt it was so important that it was mentioned FIRST.

126. Defendants Holmes, Hadzic swore an oath to uphold the first amendment and instead of

upholding and protecting Mr. Gibson's rights Defendants Holmes, Hadzic profoundly took aim

with intent and definite of purpose violated Mr. Gibson's FIRST AMMENDMENT.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Shannon Gibson, demands judgment

and prays for the following relief, jointly and severally, against all Defendants:

a. Full and fair compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs of this action; and

d. Any such other relief as appears just and proper.


## **JURY DEMAND**

140**.** Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Shannon Gibson


5520 Minnesota Ave. St. Louis Mo 63111

314 397 9354

Shannon@youchoosetowin.com