UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON GIBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-00163-SPM |
| OFFICER EMIR HADZIC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On September 25, 2023, this Court entered its Memorandum and Order and Order of Dismissal dismissing Plaintiff's Third Amended Complaint for failure to state a claim upon which relief could be granted. *See* Docs. 68 & 69. On October 11, 2023, Plaintiff filed a Motion for Reconsideration of the Court's Memorandum and Order and Order of Dismissal. *See* Doc. 70. Defendants have opposed the motion, *see* Doc. 71, and Plaintiff has filed a Reply and Amended Reply in further support of the motion. *See* Docs. 72, 73. After liberally construing and carefully reviewing Plaintiff's motion for reconsideration and the parties' written submissions, the Court finds the motion for reconsideration should be denied for the reasons set out in this order.

### BACKGROUND

On February 10, 2020, St. Louis County police officers Emir Hadzic and Roger Holmes arrested Plaintiff Shannon Gibson for trespassing at the Afton post office on grounds that he refused to leave after being directed to do so by the post office supervisor and the police. On February 10, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 asserting that the arrest was unlawful and that St. Louis County and the officers violated his constitutional rights. Plaintiff's Third Amended Complaint alleged, among other things, that the officers and St. Louis County violated Plaintiff's rights under the Fourth Amendment by unlawfully seizing his person and property without probable cause. Defendants filed a motion to dismiss

the Third Amended Complaint for failure to state a claim for which relief can be granted. In granting Defendants' motion to dismiss, the Court found that, under Eighth Circuit law, the Third Amended Complaint failed to meet the individual-capacity pleading requirements and should be dismissed on that basis alone. *See* Doc. 68, at pp. 6-8. For the sake of judicial economy, the Court nevertheless considered whether the Third Amended Complaint stated a claim for which relief could be granted. *Id.* at pp. 9-19.

This Court concluded Defendants would be entitled to an order of dismissal even if the individual-capacity pleading requirements had been satisfied. Specifically, as is pertinent to the Plaintiff's motion for reconsideration, this Court found that the Third Amended Complaint, on its face, demonstrated that the officers had probable cause to arrest Plaintiff for trespass. *See id.* at pp. 11-14. The Court further found that, "even assuming the facts alleged in the Third Amended Complaint did not establish the existence of probable cause, the Officers are entitled to qualified immunity because, given the facts alleged, they had arguable probable cause to believe Plaintiff was engaged in criminal trespass." *Id.* at p. 15.

## DISCUSSION

In seeking reconsideration of the Court's ruling, Plaintiff argues the Court erred in dismissing Plaintiff's Third Amended Complaint for two reasons. First, Plaintiff argues that in finding the officers had probable cause to arrest him for trespass, the Court erroneously concluded that the Third Amended Complaint, on its face, demonstrates that Plaintiff "refused to leave" the post office. *See* Doc. 70. Plaintiff also appears to argue the Court erred in finding Plaintiff's Third Amended Complaint failed to state whether the claims against the officers were brought against them in their individual or official capacities. Plaintiff's motion for reconsideration references Fed. R. Civ. P 59(e) and 60(b) without specifying the specific relief sought.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017); *Sanders v. Clemco Indus.*, 862 F.2d 161, 168

2

(8th Cir. 1988). Typically, federal courts treat such motions as a motion to alter or amend under Fed. R. Civ. P. 59(e) or 60(b). *Peterson*, 867 F.3d at 997; *Sanders*, 862 F.2d at 168. "When the moving party fails to specify the rule under which it makes a post judgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess, subject to the hazards of the unsuccessful moving party losing the opportunity to present the merits underlying the motion to an appellate court because of delay." *Sanders*, 862 F.2d at 168.

Rule 59(e) allows a party to file a "motion to alter or amend a judgment" no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Yeransian v. B. Riley FBR, Inc.* 984 F.3d 633, 636 (8th Cir. 2021) (quoting *Ryan v. Ryan,* 889 F.3d 499, 507 (8th Cir. 2018)). District courts have broad discretion in determining whether to alter or amend a judgment under Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Rule 60(b)(1) allows the Court to provides relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect," and a motion for such relief must be filed no more than a year after the judgment is entered. Fed. R. Civ. P. 60(b)(1), (c)(1). A judge's error of law is a "mistake" that may warrant relief under this rule. *Kemp v. United States*, 142 S. Ct. 1856, 1861-62 (2022). However, Rule 60(b)(1) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)). *See also United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). Motions under Rule 60(b) exist "to prevent the

3

judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted). A district court has wide discretion in ruling on a Rule 60(b) motion. *Wagstaff & Cartmell, LLP*, 40 F.4th at 842-43.

In this case, Plaintiff's motion can reasonably be characterized as either a request for this Court to correct a manifest error of law and/or fact under Rule 59(e) or a request for the Court to correct a judicial mistake under Rule 60(b). After carefully reviewing the record and the parties' written submissions, the Court finds no manifest error of law or fact that warrants relief under Rule 59(e) and no judicial mistake that warrants relief under Rule 60(b)(1).

First, Plaintiff argues the Court erroneously concluded that the Third Amended Complaint, on its face, demonstrates that Plaintiff "refused to leave" the post office. *See* Doc. 70. That erroneous factual conclusion, Plaintiff posits, led to the erroneous legal conclusion that the officers had probable cause to arrest Plaintiff for trespass. Upon review of the Third Amended Complaint, the Court acknowledges that the Third Amended Complaint does not appear to explicitly assert that Plaintiff "refused to leave" the post office. However, the Third Amended Complaint on its face makes clear that Plaintiff ***did not leave*** the post office when the postal supervisor told the officers she wanted him to leave. Nor did Plaintiff leave when the officers told Plaintiff to leave. While it may have been more accurate for the Court to find that Plaintiff "***did not leave***" the post office, any inaccuracy in the Court's initial ruling has no impact on the Court's conclusion that the Third Amended Complaint, on its face, established that the officers had probable cause, or arguable probable cause, to arrest Plaintiff for trespass. Plaintiff's first argument thus does not warrant relief under Rule 59(e) or Rule 60(b)(1).

Plaintiff's second argument is that the Court erred in finding that Plaintiff's Third Amended Complaint failed to state whether the claims against the officers were brought against them in their individual or official capacities. As Plaintiff's own motion for reconsideration demonstrates, the Third

4

Amended Complaint repeatedly asserts "the acts complained of were carried out by the individual Defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures . . ." *See* Doc. 70, at pp. 4-5. This Court continues to find such assertions rendered the Third Amended Complaint, at best, ambiguous about the capacity in which Plaintiff was suing the Officers. As this Court held in its Memorandum and Order of dismissal:

> The law in the Eighth Circuit requires more than an ambiguous pleading to state an individual-capacity § 1983 claim. *Bake*, 501 F.3d at 924. The Eighth Circuit requires a "clear statement" or a "specific pleading" indicating that the plaintiffs are suing the defendants in their individual capacities. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("[S]pecific pleading of individual capacity is required . . . ."); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("[A] clear statement that officials are being sued in their personal capacities" is required.). *See also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("[S]ection 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'") (quoting *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n. 3 (8th Cir. 1984)). The Eighth Circuit has adopted this "clear statement" requirement "[b]ecause section 1983 liability exposes public servants to civil liability and damages, . . . [and] only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, when a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, Eighth Circuit precedent requires courts to presume that the plaintiff brings suit against the defendants in only their official capacities. *Id.; Artis v. Francis Howell N. Band Booster Ass'n, Inc*, 161 F.3d 1178, 1182 (8th Cir. 1998).

*See* Doc. 68, pp. 6-7. In sum, the Court finds no error of law or of fact regarding the second issue raised in Plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 70) is **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

December 15, 2023.